**Opinion filed July 15, 2021**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-20-00247-CR**

_____

**DAVID ANTHONY SANDOVAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-19-1351-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, David Anthony Sandoval, pleaded guilty to the offense of aggravated assault with a deadly weapon. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for two years, and imposed a fine of $500. The State subsequently filed a motion to adjudicate guilt. The trial court conducted a hearing on the motion, at which Appellant pleaded true to two allegations related to payment of fees and not true to the three other allegations. After hearing testimony from

Appellant's community supervision officer and Appellant's ex-girlfriend, the trial court found all five allegations to be true, revoked Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for fifteen years. We modify the trial court's judgment to delete the fine and some of the attorney's fees, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding

2

may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains nonreversible errors. First, there is a variation between the oral pronouncement of sentence and the written judgment adjudicating guilt. The written judgment and the bill of costs include a fine of $500. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2020); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). A judgment adjudicating guilt "sets aside the order deferring adjudication, including the previously imposed fine." *Taylor*, 131 S.W.3d at 502. Thus, in a deferred adjudication situation, the fine from the original order of deferred adjudication does not carry forward if the defendant is ultimately adjudicated guilty—unless the trial court, upon adjudication, again imposes a fine when it

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

pronounces the defendant's sentence in open court. *See id.* Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Hall v. State*, No. 11-19-00400-CR, 2020 WL 5241067, at *1 (Tex. App.—Eastland Sept. 3, 2020, no pet.) (mem. op., not designated for publication) (modifying a bill of cost so as to delete the assessment of a fine when the record showed that the trial court did not impose a fine when it adjudicated the appellant's guilt and assessed punishment).

Second, the bill of costs attached to the written judgment includes two $600 assessments for court-appointed attorney's fees. The first such assessment relates to the 2019 deferred adjudication proceeding; the second relates to the 2020 adjudication proceeding. The trial court had determined that Appellant was indigent and appointed counsel to represent Appellant during the deferred adjudication proceeding, the adjudication proceeding, and the appeal. Because the trial court determined that Appellant was indigent and because nothing in the record demonstrates that he was able to pay all or part of his attorney's fees, court-appointed attorney's fees related to the adjudication proceeding cannot be assessed against Appellant. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010); *Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.). We note, however, that Appellant has waived any complaint about the assessment of the original $600 amount for court-appointed attorney's fees. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the appellant procedurally defaulted any complaint about attorney's fees assessed in connection with the initial order of deferred adjudication because he failed to raise the issue in a direct appeal from that order). Because the $600 assessment against Appellant for court-appointed attorney's fees for the 2020 adjudication action was improper and should

be struck, we delete from the bill of costs the assessment of $600 for attorney's fees incurred during the adjudication proceeding. *See Winegeart v. State*, No. 11-19-00299-CR, 2020 WL 1294616, at *2 (Tex. App.—Eastland Mar. 19, 2020, pet. ref'd) (mem. op., not designated for publication) (modifying bill of cost to delete assessment of attorney's fees).

We grant counsel's motion to withdraw; modify the judgment adjudicating guilt and the bill of costs to delete the $500 fine and the $600 charge for court-appointed attorney's fees assessed against Appellant with respect to the 2020 adjudication proceeding; and, as modified, affirm the judgment of the trial court.

PER CURIAM

July 15, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.